IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN LUJAN

    *Plaintiff,*

    vs.                                                   Case No. 2:17-cv-00352-NF-KHR

WAL-MART STORES, INC.

    *Defendant.*

## PLAINTIFF JUAN LUJAN'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW JUAN LUJAN ("Plaintiff") and files this his Motion to Remand and requests that the case be remanded on grounds that there are defects in removal procedure and the Court lacks subject matter jurisdiction over this case.

### I.    RELIEF REQUESTED

1. Defendant WAL-MART STORES, INC. failed to meet its burden to establish the jurisdictional amount in-controversy is met and the Court consequently lacks jurisdiction over the case. Therefore, defects in the removal procedure exist which make remand appropriate.

2. Additionally, this proceeding should be remanded to state court because this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. 1445(c). Plaintiff's claims "aris[e] under the workmen's compensation laws" of the State of New Mexico and therefore may not be removed.

### II.    BACKGROUND

3. On February 2, 2017, Plaintiff JUAN LUJAN filed his state court complaint in the Third Judicial District in Dona Ana County, New Mexico against Defendant WAL-MART STORES, INC. alleging state law claims for unlawful retaliation against him and retaliatory discharge for

exercising his rights under the New Mexico Workers' Compensation Act. [See Doc. 1-1, pp. 8-11, (Plaintiff's Complaint for Wrongful Termination).]

4. On March 20, 2017, Defendant WAL-MART STORES, INC. filed a Notice of Removal of Civil Action and removed this action to this Court. [Doc 1]. The notice states that Plaintiff is and was at the time this action accrued a citizen of New Mexico. *Id.* The Notice also states that Defendant is a corporation formed under the laws of the state of Delaware and whose principal place of business is in the state of Arkansas. [Doc. 1 at 2]. Relying on *McPhail v. Deere & Co.*, the Notice further alleges that "the amount in controversy exceeds the sum of $75,000.00 because Plaintiff's allegations reflect that he could potentially recover more than that amount." [Doc. 1 at 3; 529 F.3d 947 at 954.] Defendant misinterprets the holding in *McPhail*.

5. Plaintiff has timely filed this Motion to Remand to challenge defects in the removal procedure and the Court's subject matter jurisdiction over the case in accordance with 28 U.S.C. § 1447.

6. In compliance with Local Rule 7.1(a), Plaintiff has conferred in good-faith with Defendant and Defendant opposes this motion.

### III. ARGUMENTS AND AUTHORITIES

#### A. Standard of Review

7. Federal removal jurisdiction is statutory in nature and must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10 Cir. 2005) ("[i]t is well established that the statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.").

8. A party invoking federal jurisdiction has the burden of establishing its propriety. *See Montayo v. Chao*, 296 F.3d 952, 955 (10 Cir. 2002); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10 Cir. 1995). Defendant's burden is a heavy one and any ambiguities are resolved in favor of remand. *Fajen v. Found Reserve Ins.*, 683 F.2d 331, 333 (10 Cir. 1982) (noting "all doubts are to be resolved against removal"). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Adams v. Reliance Std. Life Ins. Co.*, 225 F. 3d 1179, 1182 (10 Cir. 2000) (federal courts must refrain from exercising jurisdiction unless "certain" jurisdiction has been granted by Congress); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9 Cir. 1992) (citations omitted).

9. As for removal procedures, "[a]s a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature…[w]hile these procedural requirements are not jurisdictional in nature, they have been strictly enforced." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1977) (citations omitted). Accordingly, courts strictly construe removal statutory procedures and employ a presumption against removal. *See Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Farmland Nat'l Beef Packing Co. L.P. v. Stone Container Corp.*, 98 F. App'x 752, 755-56 (10th Cir. 2004); *Laughlin*, 50 F.3d at 873; *Fajen*, 683 F.2d at 333*; see also Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18, (1951) ("the [removal] jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation…").

10. Thus, "the removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342. A defect in the removal notice or any "[f]ailure to comply with the requirement of § 1446(b) constitutes a 'defect in removal procedure'" that warrants remand. *See Page v. City of Southfield*, 45 F.3d 128, 131 (6 Cir. 1995 (*citing In re Continental Casualty Co.,* 29 F.3d 292, 294 (7 Cir. 1994).

11. As more fully discussed below, Defendant's removal is procedurally defective and the Court lacks subject matter jurisdiction over the case. This case should be remanded.

**B. Defendant Wal-Mart failed to establish that the amount in controversy requirement is met.**

12. As illustrated above, the removing party bears the burden of proving "all jurisdictional facts and of establishing a right to removal" and "the burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *See Chavez v. Kinkaid*, 15 F. Supp. 2d at 1119; *Montoya v. Chao*, 296 F.3d 952, 955 (10 Cir. 2002); *Laughlin*, 50 F.3d at 873.

13. The amount in controversy is determined by the allegations of the complaint or by allegations in the notice of removal. *See Laughlin*, 50 F.3d at 873. A claim for damages "in excess" of a state court minimum that is less than the federal jurisdictional requisite amount is not sufficient to establish federal court jurisdiction. *Id.* at 873-74 (complaint requesting damages "in excess of $10,000" for each of two employment claims was insufficient to establish jurisdictional amount); *see also Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077-78 (10 Cir. 1999) (initial state court pleading stating claim for actual and punitive damages "in excess of $10,000" insufficient to establish amount in controversy from complaint).

14. Accordingly, when the jurisdictional amount is not established from the complaint, the removing defendant must set forth in the notice of removal "underlying facts supporting [the] assertion that the amount in controversy is met" and "a mere summary [of the plaintiff's allegations], of course, does not provide the requisite facts lacking in the complaint." *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289-95 (10 Cir. 2001). Moreover, courts should not consider pleaded statutory damages unless the statute authorizing such fees is alleged in the state court complaint or in the notice of removal. *See generally Evitt v. Durland*, 2000 U.S. App. LEXIS

29783, at *11-12 (10 Cir. 2000) (appellate court did not consider pleaded request for attorneys' fees for amount in controversy when the complaint "cites no statute authorizing attorney's fees").

15. In *McPhail*, the United States Court of Appeals for the Tenth Circuit analyzed which combination of facts and theories of recovery would support a claim in excess of $75,000.00. *See McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008). The Tenth Circuit outlines various examples of the evidence that may suffice to support removal, none of which are present here. *See id.*

16. Here, Plaintiff's Complaint for Wrongful Termination states that he was a sales associate for Defendant, who terminated him after he exercised his rights pursuant to the Workers' Compensation Act. [Doc. 1-1 at 7]. Plaintiff's Complaint does not establish the jurisdictional amount is met and Defendant's Notice of Removal does not allege any additional and sufficient underlying facts to meet its burden to establish the jurisdictional amount is met. Instead, Defendant's Notice asserts that the amount in controversy in this case exceeds the sum of $75,000.00 because Plaintiff's allegations reflect that he could "potentially recover more than that amount." *See McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008). Defendant Wal-Mart provides no evidence that would prove by a preponderance of the evidence that it is possible over that more than $75,000.00 are at stake in this case. *See id.* Instead, as evidenced by Plaintiff's affidavit testimony, his cause of action does not place $75,000.00 at issue. *Exh. 1: Affidavit of Juan Lujan*. At the time he was terminated, Plaintiff was earning $10.15 per hour, while working 35-40 hours per week. Plaintiff began working elsewhere on or about December 22, 2016. *Id.* Thus, Plaintiff's lost wages (before taxes are deducted) are no more than $12,992.00. *Id.* Even when taking into account Plaintiff's other damages, the recoverable amount does not come near to

exceeding $75,000.00.

17. Given the limited scope of federal jurisdiction and the presumption against removal, courts must remand if its jurisdiction is not affirmatively apparent on the record. *Laughlin*, 50 F.3d at 873. Under these circumstances, Tenth Circuit authority indicates that Defendant failed to meet its burden to establish the amount in controversy is met in this case. Defendant has not done anything to prove that more than $75,000.00 is at issue in this case, other than list the damages Plaintiff is entitled to. This does not satisfy Defendant's burden and because there are questions as to the Court's subject matter jurisdiction, and the record fails to establish the jurisdictional amount is met, this case should be remanded.

C. **Plaintiff's claims are non-removable under 28 U.S.C. § 1445(c).**

18. Section 1445(c) of Chapter 28 of the United States Code provides that: "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Whether a claim arises under a state's worker's compensation law is a question of federal law. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 (1972); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10 Cir. 1997). To determine if a claim "arises under" a state's worker's compensation law, a court applies the same framework for analyzing whether a claim "arises under" federal law for purposes of 28 U.S.C. § 1331. *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11 Cir. 2000).

19. The Supreme Court has defined the "arises under" language in § 1331 to mean cases where the Plaintiff's pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,

463 U.S. 1, 27-28 (1983). However, it bears note that while the same *framework* applies, the rules of statutory construction are *different,* because as noted above, courts strictly construe removal statutory procedures and employ a presumption against removal. *See Henson,* 537 U.S. 28, 32 123 S.Ct. 366, 154 L.Ed.2d 368 (2002); *Farmland Nat'l Beef Packing Co. L.P.,* 98 F. App'x at 755-56; *Laughlin,* 50 F.3d at 873; *Fajen,* 683 F.2d at 333; *see also Finn,* 341 U.S. 6, 17-18, 71 S.Ct. 534, 95 L.Ed. 702 (1951) ("the [removal] jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation…").

20. Thus, for our purposes, Plaintiff's claims are "arising under" workmen's compensation laws pursuant to § 1445 if Plaintiff's complaint establishes (1) the [New Mexico Workers Compensation Act] creates the cause of action or (2) Plaintiff's right to relief necessarily depends on resolution of a substantial question of the [New Mexico Workers' Compensation Act.] *Id.*

21. ***Rubio v. McAnally Enterprises, LLC.*** Plaintiff is mindful that in *Rubio* v. *McAnally Enterprises, L.L. C.,* 374 F. Supp. 2d 1052 (D. N.M. 2005), Judge Black concluded that a New Mexico claim of retaliatory discharge for filing a worker's compensation claim does not "arise under the workmen's compensation laws" of New Mexico for purposes of 28 U.S.C. § 1445(c). *See Rubio,* 374 *F*. Supp. 2d at 1054-55. However, it does not appear that the Tenth Circuit Court of Appeals has addressed this issue. Moreover, Judge Black noted the following in footnote 2 of *Rubio:*

> The New Mexico Supreme Court first recognized retaliatory discharge for filing a workers' compensation claim in *Michaels.*[1] <u>Based on a 1991 amendment to the Workers' Compensation Act that prohibited discharging an employee for filing a claim, the court held that (1) the amendment provided a clear public policy statement that could serve as a predicate for retaliatory discharge, (2) the statute's "exclusive remedy" provision did not apply to a</u>

---

[1] *Michaels v. Anglo American Auto Auctions, Inc*., 117 N.M. 91, 869 P.2d 279 (1994).

<u>claim of retaliatory discharge</u>, and therefore (3) an "independent" cause of action should be recognized to protect New Mexico workers who file compensation claims. *See Rubio,* 374 *F*. Supp. 2d at 1054 [emphasis added].

22. Accordingly, in view of the rules of statutory construction regarding remand statutes in general and 28 U.S.C. § 1445(c) in particular (as discussed), and since Judge Black in *Rubio* acknowledged that the retaliatory discharge claim arose, at least in part, from "the New Mexico Supreme Court's interpretation of various provisions of the New Mexico Worker's Compensation Act (noting "(1) the [1991 amendment to the act] provided a clear public policy statement that could serve as a predicate for retaliatory discharge" and "(2) the statute's "exclusive remedy" provision did not apply to a claim of retaliatory discharge, for reasons discussed below, Plaintiff files this motion to remand and asks the Court to reconsider *Rubio* and conclude that Plaintiff's retaliatory discharge claim is non-removable pursuant to 28 U.S.C. § 1445(c), and to preserve the issue for potential review by the Tenth Circuit Court of Appeals and/or the United States Supreme Court.

23. Here, the second prong of the "arises under" framework is met warranting remand under 28 U.S.C. § 1445(c). Plaintiff's right to relief necessarily depends on the "resolution of a substantial question of the New Mexico Workers' Compensation Act." Indeed, as Judge Black acknowledged in footnote 2 of *Rubio,* the New Mexico Supreme Court was required to resolve two separate questions of the New Mexico Workers' Compensation Act when it recognized a cause of action for retaliatory discharge for filing a worker's compensation claim.

24. First, the Supreme Court was required to interpret a 1991 amendment to the New Mexico Worker's Compensation Act, entitled "Retaliation against employee seeking benefits; civil penalty" which provides:

> A. An employer shall not discharge, threaten to discharge or otherwise retaliate in the terms of conditions of employment against a worker who seeks workers' compensation benefits for the sole reason that that employee seeks workers' compensation benefits. NMSA 1991, Section 52-1-28.2; *see Michaels,* 117 N.M. at 92, 869 P.2d at 280.

The Supreme Court concluded that this amendment "expressly set out the clear mandate of public policy that was missing when *Williams* and *Bottijliso* were decided "that warranted recognition of a claim for wrongful discharge on grounds that retaliatory discharge for filing a worker's compensation claim "violated a 'clear mandate of public policy"' under New Mexico law. *See Michaels,* 117 N.M. at 92-93, 869 P.2d at 280-81.

25. Second, the New Mexico Supreme Court was also required to interpret the "exclusivity bar" under the New Mexico Worker's Compensation Act, which provides:

> The Workers' Compensation Act provides exclusive remedies. No cause of action outside the Workers' Compensation Act shall be brought by an employee or dependent against the employer or his representative, including the insurer,
> guarantor or surety of any employer, for any matter relating to the occurrence of
> or payment for any injury or death covered by the Workers' Compensation Act.
> NMSA 1978, Section 52- 1-6(E); *see Michaels,* 1 17 N.M. at 92-93, 869 P.2d at 280-81.

The Supreme Court noted "[t]his general exclusivity provision of the Act does not compel the conclusion that Section 52-1-28.2 is exclusive" and went on to conclude that "issues involving the hiring and firing of employees are 'independent of, and separate from, the cause of action contemplated by the Workers' Compensation Act.'…[t]hus, <u>we cannot accept a construction of Section 52-1-6 that would force employees to choose between their jobs and seeking remedies under the Act.</u>" *See Michaels,* 117 N.M. at 92-93, 869 P.2d at 280-8 1 [emphasis added].

26. For these reasons, and in view of the rules of statutory construction applied to 28 U.S.C.

§ 1445(c), Plaintiff respectfully believes that Section 1445(c) was broadly construed in *Rubio* in favor of removal, when it should have been strictly construed against removal.

27. As the New Mexico Supreme Court's decision in *Michaels* makes clear, Plaintiff's right to relief for her claim of retaliatory discharge for filing a worker's compensation claim "necessarily depend[ed] on resolution of substantial questions" of the New Mexico Workers Compensation Act, which makes her claim against Defendant MTC non-removable pursuant to 28 U.S.C. § 1445(c). Accordingly, this case should be remanded.

**D. Request for attorney's fees, just costs, and expenses.**

28. Section 1447 of Title 28 of the United States Code provides that: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447.

29. Courts may award attorney's fees under § 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal. *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010). The standard for awarding fees should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Defendant's removal of this action was unreasonable as Plaintiff's claims clearly do not place over $75,000.00 at stake. Moreover, Plaintiff's claims arise out of the New Mexico Workers' Compensation Act, which also makes Defendant's removal unreasonable. Defendant's filing of its Notice of Removal forced Plaintiff to expend unnecessary costs, expenses, and attorney's fees. Accordingly, Plaintiff respectfully moves for **attorney's fees, just costs, and expenses.**

### IV.	CONCLUSION AND PRAYER

30.  Defendant's removal is improper. There are defects in removal procedure and the Court lacks subject matter jurisdiction over the case.  This case should accordingly be remanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that his Motion to Remand be granted and the case remanded to state court for reasons set forth above and for such other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA, P.C.**

*/s/     Connie J. Flores*
**CONNIE J. FLORES**
New Mexico State Bar 26531
1485 N. Main St., Suite B
Las Cruces, New Mexico 88001
Phone: (575)222-1000
Facsimile: (575)652-4752
cflores@ftalawfirm.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2017, the undersigned filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Charlotte Lamont*
LITTLER MENDELSON, P.C.
201 Third Street NW, Suite 500
Albuquerque, NM 87102
Phone: (505) 944-9680
Facsimile: (505) 944.9681
clamont@littler.com
*Attorney for Defendant*

11 | P a g e

*Juan Lujan v. Wal-Mart Stores, Inc.*
PLAINTIFF'S MOTION TO REMAND

*Steven G. Biddle*
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Phone: (602) 474-3600
Facsimile: (602) 957-1801
sbiddle@littler.com
*Attorney for Defendant*

                                                 */s/     Connie J. Flores*
                                                **CONNIE J. FLORES**