IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN LUJAN,

        Plaintiff,

vs.

WAL-MART STORES, INC.

        Defendant.

Case No. 2:17-cv-00352-NF-KHR

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Wal-Mart Stores East, L.P.[1] ("Walmart") hereby responds in opposition to Plaintiff's Motion to Remand to State Court (ECF No. 10) ("Motion"). For the reasons set forth below, the Court should deny the Motion.

**INTRODUCTION**

Plaintiff Juan Lujan is a former Walmart Associate. He originally filed this action in New Mexico state court, and Walmart timely removed it to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaint alleges a single common-law claim that Walmart violated the public policy of New Mexico by retaliating against him for filing a claim for workers' compensation benefits. Plaintiff alleges in his Complaint that he has incurred an array of damages as a result of Walmart's actions, including back pay, compensatory damages, and punitive damages, and he seeks a monetary judgment against Walmart compensating him for those alleged damages.

In his Motion, Plaintiff asserts that this action should be remanded to state court for two reasons. First, he argues that Walmart failed to present evidence showing the amount in

---

[1] Plaintiff incorrectly identifies Wal-Mart Stores, Inc., as the Defendant in this matter. The correct entity is Wal-Mart Stores East, L.P.

controversy exceeds $75,000.  Second, he contends this action is not removable because it arises under the New Mexico workers' compensation laws.  Plaintiff is wrong on both counts.

First, contrary to Plaintiff's assertions, Walmart was not required to present evidence with its removal notice establishing the amount in controversy.  Rather, as the U.S. Supreme Court has held, a removal notice need only contain a short and plain statement of the grounds for removal.  *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). Evidence on the amount in controversy is required only if the Court's jurisdiction is challenged. *Id.*  In that event, both sides may submit evidence, and the Court decides whether the amount in controversy is met.

Here, Walmart's Notice of Removal contained a plausible allegation that the jurisdictional threshold is met.  In his Motion to Remand, Plaintiff notably does not state he is seeking to recover less than $75,000.  Instead, he provides an affidavit stating in conclusory fashion that his damages "will not exceed $75,000.00."  Plaintiff's affidavit is insufficient to meet his burden of showing that this Court lacks jurisdiction.  As demonstrated below and in Walmart's Notice of Removal, Plaintiff's allegations show that his <u>potential</u> recovery exceeds the sum of $75,000, and the factfinder, not Plaintiff, will determine his damages.  Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

Second, as Plaintiff acknowledges in his Motion, in *Rubio v. McAnally Enterprises, LLC*, 374 F. Supp. 2d 1052 (D.N.M. 2005), the Court refused to remand of a claim for wrongful discharge based on the public policy expressed in the New Mexico workers' compensation statute.  Because this case does not involve unusual or exceptional circumstances, this Court should follow Judge Black's well-reasoned opinion in *Rubio*.  As discussed below, this Court should deny Plaintiff's Motion because: (1) the policy rationale behind 28 U.S.C. § 1445(c) dictates that remand should be denied as deciding Plaintiff's wrongful discharge claim does not

2

require the Court to adjudicate his entitlement to workers' compensation benefits; and (2) a wrongful discharge claim based on the public policy embodied in New Mexico's workers' compensation law does not "arise under" that law.

## MEMORANDUM OF LAW

**I.     This Action Is Removable Under 28 U.S.C. § 1332(a).**

A defendant may remove a civil action from state court when there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Here, the first basis for Plaintiff's Motion is his contention that Walmart failed to establish the required amount in controversy in its Notice of Removal.  But, Plaintiff's position is based on case law that has been implicitly overruled by the U.S. Supreme Court.

**A.     Walmart's Notice of Removal Satisfies the Pleading Standard under *Dart*.**

Contrary to Plaintiff's assertions, the U.S. Supreme Court has held that a defendant is not required to submit evidence with its notice of removal but, rather, the notice need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.  The Court reasoned that the removal statute was intended to track the general pleading requirement of Rule 8 of the Federal Rules of Civil Procedure, and was therefore intended to impose the same standard that applies to pleadings filed in federal court in the first instance:

> [A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." [28 U.S.C.] § 1446(a).  By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.  The legislative history of § 1446(a) is corroborative.  Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters

of pleading."

*Id.* at 553 (citations omitted).

Accordingly, the Court held that "the defendant's amount-in-controversy allegations should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegations are contested, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. Consequently, Walmart was not required to submit evidence with its Notice of Removal, which satisfied the pleading standard under *Dart*. If Plaintiff genuinely is seeking to recover less than $75,000, then he was required to present evidence establishing that fact, and he has not done so. Accordingly, he failed to rebut the allegations in Walmart's Notice of Removal.

> **B.     Plaintiff's Allegations Establish an Amount in Controversy in Excess of $75,000, and He Has Not Shown Otherwise.**

Plaintiff's Motion reflects an apparent misunderstanding of how a court calculates the amount in controversy. That amount is determined not by looking at how much Plaintiff says he will recover or is *likely* to recover, but by considering the amount his allegations suggest he *might* lawfully recover. *See, e.g.*, *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016). It is well established that, when federal subject matter jurisdiction is challenged on the basis that the amount in controversy is not met, dismissal is warranted only where it "appear[s] to be a legal certainty that the claim is really for less than the jurisdictional amount." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Under the "very strict" legal certainty standard, dismissal for want of jurisdiction generally is warranted only if a contract limits the possible recovery, the law limits the possible recovery, or there is an obvious abuse of federal

court jurisdiction.  *See Woodmen of the World Life Ins. Soc'y v. Manganaro,* 342 F.3d 1213, 1216-17 (10th Cir. 2003).  Plaintiff does not argue that any of these circumstances is present in this case.

Although Plaintiff states in his affidavit that his "damages will not exceed $75,000.00," he does not swear that he will not seek, or would not accept, more than that amount even upon remand, and he cannot override the decision of the factfinder in any event.  Plaintiff's stated opinion that the amount in controversy does not exceed $75,000 is insufficient to deprive the Court of jurisdiction, where his Complaint suggests otherwise.  *See, e.g., Cresson v. State Farm Fire & Cas. Co.*, Civil Action No. 09-6866, 2010 WL 1664001, at *2 (E.D. La. Apr. 22, 2010) (plaintiff's estimate of her damages at less than $75,000, in the absence of a binding stipulation renouncing her right to recover in excess of that amount, did not overcome the amount in controversy that was facially apparent from the complaint); *Martin v. State Farm Fire & Cas. Co.*, 826 F. Supp. 2d 1133, 1137 (D. Minn. 2011) (plaintiffs could not rely on "self-serving, contradictory Affidavits" that contained estimates of their damages to justify diversity jurisdiction).

"A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  A removing defendant "may rely on an estimate of the potential damages from the allegations in the complaint." *Id.*  Here, Plaintiff's allegations show that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum. Plaintiff alleges in his Complaint that Walmart violated New Mexico public policy by retaliating against him for filing a workers' compensation claim.  Compl. ¶ 6.  He further alleges that, as a result of Walmart's allegedly wrongful conduct, he has suffered damages that "include, but are not limited to, back pay, front pay, compensatory damages for mental anguish, [and] emotional

distress and anguish." *Id.* ¶ 10.  Based on these allegations, he requests that judgment be entered in his favor and against Walmart for "all compensatory damages sought herein, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of court, and such other relief to which Plaintiff may show himself justly entitled."[2] *Id.* ¶ 12.  These allegations suggest that Plaintiff might lawfully recover more than $75,000.

### 1.     Plaintiff's Lost Wages Damages Support Removal.

In the affidavit submitted in support of his Motion, Plaintiff asserts that, at the time of his discharge on May 7, 2016, he was paid at the rate of $10.15 per hour and he worked an average of 35 to 40 hours per week.  *See* Affidavit of Juan Lujan (ECF No. 10-1).  Thus, if this proceeds to trial in August 2018 – eighteen months from when Walmart was served – Plaintiff could seek lost back pay totaling approximately **$45,000** ($10.15 x 37.5 hours x 118 weeks).  *See, e.g.*, *Daniel v. Loveridge*, 32 F.3d 1472, 1477 (10th Cir. 1994) (back pay covers lost wages for the period from termination of employment through date of entry of judgment).

In his Motion, Plaintiff argues that the Court must deduct his interim earnings from his potential back pay award.  Thus, he seeks to incorporate into the jurisdictional analysis Walmart's mitigation defense.  If is well settled, however, that the existence of a defense that may reduce the amount in controversy is irrelevant to the jurisdictional inquiry.  *See Symes v. Harris*, 472 F.3d 754, 759 (10th Cir. 2006) ("[A] district court does not lack § 1332 jurisdiction if . . . the plaintiff's complaint reveals that a perfect defense might be interposed to reduce the alleged amount in controversy below the jurisdictional amount.").

In addition to his back pay damages, Plaintiff also seeks to recover "front pay."  An award of two or more years of front pay is not uncommon in employment cases.  *See Abuan v.*

---

[2] Plaintiff asserts in his Motion that attorneys' fees may not be included in the amount in controversy because he failed to plead a statutory basis for recovering fees.  Thus, Plaintiff apparently concedes that he is not entitled to recover his attorneys' fees in this action.

*Level 3 Commc'ns, Inc.*, 353 F.3d 1158, 1176-80 (10th Cir. 2003) (affirming award of two years of front pay but remanding for further proceedings on amount of award); *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1458 (10th Cir. 1997) (affirming award of two years of front pay), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011); *Fitzgerald v. Sirloin Stockade, Inc.*, 624 F.2d 945, 956-58 (10th Cir. 1980) (affirming five-year front pay award); *see also Whittlesey v. Union Carbide Corp*, 742 F.2d 724, 729 (2d Cir. 1984) (affirming award of four years of front pay). Therefore, if Plaintiff were to recover front pay, it could be **$20,000** or more. Accordingly, his potential recovery of back pay and front pay alone totals about **$65,000**.

### 2. Plaintiff's Claims for Compensatory and Punitive Damages Further Support Removal.

Plaintiff's requested recovery of compensatory and punitive damages further shows that the potential amount in controversy in this case easily exceeds the jurisdictional minimum. A party may present jury verdicts from similar cases as evidence of the amount in controversy. *See, e.g.*, *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). A review of published decisions involving similar claims reveals a potential recovery of compensatory and punitive damages alone in excess of $75,000. For example, in *Rhein v. ADT Automotive, Inc.*, 930 P.2d 783 (N.M. 1996), that similarly involved claims for wrongful discharge in violation of public policy, the New Mexico Supreme Court reversed an order granting a motion for new trial, with instructions to enter judgment on the jury verdicts awarding the plaintiffs $75,000 and $235,000 in compensatory damages. In *Abuan*, the jury found for the plaintiff on his claims of discrimination and retaliation under Title VII, and awarded him $5,000,000 in compensatory damages and $5,000,000 in punitive damages. The trial court granted a post-trial motion for remittitur, applying the $300,000 statutory cap on punitive and

compensatory damages (and reducing the back pay award from $300,000 to $56,252.25). These cases demonstrate that Plaintiff could recover a significant award for compensatory and/or punitive damages, far greater than the amount of his lost wages, and that his compensatory and punitive damages alone could meet the amount in controversy requirement.

II. **The Exception for Workers' Compensation Actions Set Forth in 28 U.S.C. § 1445(c) Does Not Apply Because Plaintiff's Wrongful Discharge Claim Does Not "Arise Under" the Workers' Compensation Law.**

Plaintiff also incorrectly asserts in his Motion that remand is required pursuant to 28 U.S.C. § 1445(c). That statute provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Plaintiff argues that § 1445(c) applies to his claim for wrongful discharge because his claim is based on the public policy expressed in the New Mexico workers' compensation statute. As Plaintiff acknowledges, however, Judge Black considered and explicitly rejected this argument in *Rubio v. McAnally Enterprises, LLC*, 374 F. Supp. 2d 1052 (D.N.M. 2005). "Judges of the same district court customarily follow a previous decision of a brother judge upon the same question except in unusual or exceptional circumstances." *Marzolf v. Gilgore*, 924 F. Supp. 127, 130 (D. Kan. 1996) (internal quotation marks omitted). Because this case does not involve unusual or exceptional circumstances, this Court should follow Judge Black's well-reasoned opinion.

A. **Section 1445(c) Was Enacted to Prevent Federal Courts from Adjudicating One's Entitlement to Workers' Compensation Benefits.**

In considering the exception set forth in § 1445(c), it is necessary to understand the congressional intent underlying the statute. Congress enacted § 1445(c) due to a concern that "[i]n a number of States the workload of the Federal courts [had] greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal court." S. REP.

No. 1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3105. The concern was that cases involving whether a party is entitled to workers' compensation benefits were being removed to federal courts based on diversity, and those courts were ill-suited to adjudicate those issues. As noted in the legislative history of section 1445(c):

> Nearly all of the State statutes on workmen's compensation provide summary proceedings for the expedition and inexpensive settlement of claims by injured workmen against the employer. The procedure provided in such State statutes is not, as a rule, applicable to procedure in Federal courts. When cases are removed to the Federal court the State statutes, in many instances, are entirely nullified.

S. REP. NO. 1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106.

To address this concern, Congress enacted § 1445(c) to halt the practice of requiring federal courts to adjudicate entitlement to workers' compensation benefits. Section 1445(c) "reflects a congressional concern for the states' interest in administering their own workers' compensation schemes." *Armistead v. C&M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir. 1995). Hence, the policy underlying § 1445(c) was to prohibit removal of cases that involve the <u>entitlement to workers' compensation benefits</u> under the various states' workers' compensation schemes. This policy rationale and legislative history provides context for interpreting the "arising under" language of § 1445(c).

### B. A Wrongful Discharge Tort Claim Based on the Public Policy Embodied in New Mexico's Workers' Compensation Claim Law Does Not "Arise Under" That Law.

By his Motion, Plaintiff seeks to expand the "arising under" language of § 1445(c) to include a common-law tort claim that rests upon the public policy of New Mexico's workers' compensation statute, but which does not in any way implicate the substantive elements or remedies of state statutory scheme, that is, whether a claimant is entitled to workers' compensation benefits. As did Judge Black, this Court should decline such an expansion.

9

While the Tenth Circuit has not directly addressed the meaning of "arising under" in 1445(c), the words "arising under" in that section have the same meaning as those in 28 U.S.C. § 1331 regarding federal question jurisdiction. *See Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245-46 (8th Cir. 1995). With respect to § 1331, the Tenth Circuit explained that two principles apply in determining whether a claim "arises under" federal law:

> First, when federal law creates the cause of action, the case arises under federal law. Second, an action does not arise under federal law unless a substantial, disputed question of federal law is an essential element of the plaintiffs' well-pleaded complaint.

*United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, Local No. 57 v. Bechtel Power Corp.*, 834 F.2d 884, 886 (10th Cir. 1987) (citations omitted).

Here, the New Mexico workers' compensation law does not create Plaintiff's cause of action, nor is there a disputed question of workers' compensation law that is an essential element of Plaintiff's claim. Plaintiff alleges a common law claim for wrongful discharge under New Mexico state law. The elements of a public policy wrongful discharge tort claim under New Mexico law are: "(1) the employee must have acted to further an end that public policy encourages, (2) the employer knew of or suspected the employee's action, and (3) the employee's action was a motivating factor in the employer's decision." *Rubio*, 374 F. Supp. 2d at 1054 (citing *Vigil v. Arzola*, 699 P.2d 613, 620 (N.M. 1983)).

Thus, Plaintiff's claim has only a tangential relationship to the workers' compensation statute, in that he cites the law as the source of the public policy underlying his claim. As Judge Black found in *Rubio*, however, a common law claim of wrongful discharge in retaliation for seeking benefits under the workers' compensation statute does not "arise under" that law merely

because the claim is based on the public policy embodied in the statute. *Id.*

This conclusion accords with the congressional intent. As discussed above, the concern of Congress in enacting § 1445(c) was that federal courts were being forced to adjudicate entitlement to state workers' compensation benefits. To give meaning to Congress' intent, the "arising under" language must mean the adjudication of a claim relating to the denial or award of state workers' compensation benefits. Any such claim adjudicating state workers' compensation benefits should be remanded to state court as it "arises under" the state workers' compensation statute. But simply resting a tort claim on a public policy that is based on state workers' compensation rights should not bar removal based on diversity. Such a construction would improperly provide plaintiffs with a loophole to prevent diversity jurisdiction by simply mentioning a state workers' compensation statute in their complaint.

In his Motion, Plaintiff relies on *Michaels v. Anglo American Auto Auctions, Inc.*, 879 P.2d 279 (N.M. 1994), but that reliance is misplaced. Like Plaintiff here, the plaintiff in *Michaels* alleged in his complaint that his employer had discharged him in retaliation for filing a workers' compensation claim. The trial court found that the plaintiff could not maintain a common law wrongful discharge claim premised on the workers' compensation statute because the statute itself provides a remedy for retaliatory discharge. *Id.* at 280. The New Mexico Supreme Court reversed, holding that an employee who alleges he or she was retaliated against for seeking workers' compensation benefits is not limited to the remedies provided by the workers' compensation statutes, but may instead seek relief, including civil damages, under the common law. *Id.* at 281-82. In other words, a plaintiff has the option of pursuing a claim under the workers' compensation statute itself, or "a retaliatory discharge claim ***independently of*** and in view of the policy set out in" the statute. *Id.* at 279 (emphasis added). Thus, rather than supporting Plaintiff's position that his claim "arises under" the workers' compensation law, the

11

*Michaels* case shows just the opposite - that a common law tort claim for wrongful discharge in violation of the public policy is separate and independent from a statutory retaliatory discharge claim. As such, it does not fall within the removal exception set forth in § 1445(c).

## CONCLUSION

For the reasons set forth above, Walmart respectfully requests that the Court deny Plaintiff's Motion and award Walmart its attorneys' fees for having to respond to Plaintiff's Motion that has no basis.

Respectfully submitted this 27th day of April, 2017.

        LITTLER MENDELSON, P.C.

        *s/ Charlotte Lamont*
        Charlotte Lamont
        201Third Street, N.W., Suite 500
        Albuquerque, NM  87102
        505.944.9680 (Telephone)
        505.944.9681 (Facsimile)
        clamont@littler.com

        Steven G. Biddle
        2425 East Camelback Road, Suite 900
        Phoenix, AZ  85016
        602.474.3600 (Telephone)
        602.957.1801 (Facsimile)
        sbiddle@littler.com
        Attorneys for Defendant

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and mailed a copy of same to any non-registrants this 3rd day of May 2017:

Connie J. Flores
FLORES, TAWNEY & ACOSTA, P.C.
1485 N. Main St., Ste. B
Las Cruces, NM 88001
Attorneys for Plaintiff

 *s/ Charlotte Lamont*

Firmwide:147249577.1 080000.1217